IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MAURICE L. HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-00326-CV-W-ODS |
| ) | |
| THE NUTRO COMPANY, and ) | |
| MARS PETCARE US, INC., ) | |
| ) | |
| Defendants. ) | |

### ORDER AND OPINION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

Pending is Defendants' Motion to Dismiss Count III and any claim for punitive damages in Plaintiff's Complaint. Doc. #12. For the reasons below, the Court grants the motion in part and denies it in part.

### I. INTRODUCTION

Plaintiff brings claims against Defendants Mars Petcare US, Inc., and The Nutro Company, alleging Defendants jointly employed Plaintiff.[1] Plaintiff began working for Defendants in April 2011 as a "utility packer," and was a "packing operator II" in May 2015 when Defendants terminated his employment.

Plaintiff sustained an injury in February 2015 which required him to be absent from work. Due to his injury, Plaintiff requested and received leave pursuant to the Family Medical Leave Act ("FMLA"). Prior to taking leave, Plaintiff regularly worked the 7:00 a.m. to 3:00 p.m. ("day shift"). However, while Plaintiff was on FMLA leave, his supervisor informed him that employees had voted on new shift assignments based on seniority. Despite Plaintiff's seniority, he was not given the opportunity to participate in

---

[1] All factual statements are taken from Plaintiff's Complaint. Doc. #1. At this stage, Plaintiff's factual allegations must be accepted as true and reviewed in the light most favorable to Plaintiff. See Section II.

the vote, and was informed he was required to work the 6:00 p.m. to 6:30 a.m. ("night shift") upon his return from FMLA leave. Plaintiff complained about his lack of a vote despite his seniority, and expressed an inability to work the night shift due to childcare obligations, but his supervisor indicated they would "work something out." Although Plaintiff was required to work the night shift, he was informed he could arrive late and use vacation time for the missed time.

On April 28, 2015, Plaintiff was cleared to return to work, and did so that same day. However, Plaintiff slipped and fell only hours into that shift, aggravating his previous injury. Plaintiff was unable to return to work until May 4, 2015, when he reported at 10:00 p.m. for the night shift. Plaintiff continued "in this practice" until Defendants terminated his employment on May 27, 2015. In June 2015, Plaintiff complained to Defendants' human resources department that his termination was unfair because he did not vote on the new shift assignments, and he was required to use vacation time for the hours he was unable to work on the night shift.

Plaintiff brings claims for FMLA violations, retaliation in violation of Missouri's Workers' Compensation Law ("MWCL"), and infliction of emotional distress. Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss Count III and any claims for punitive damages in Plaintiff's Complaint.

## II. STANDARD

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual

2

> content that allows the court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged. The plausibility standard is
> not akin to a probability requirement, but it asks for more than a sheer
> possibility that a defendant has acted unlawfully. Where a complaint
> pleads facts that are merely consistent with a defendant's liability, it stops
> short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> In keeping with these principles a court considering a motion to dismiss
> can choose to begin by identifying pleadings that, because they are no
> more than conclusions, are not entitled to the assumption of truth. While
> legal conclusions can provide the framework of a complaint, they must be
> supported by factual allegations. When there are well-pleaded factual
> allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. A claim is facially plausible if it allows the reasonable inference that the defendant is liable for the conduct alleged. *See Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

### III. DISCUSSION

*(A) Count III*

Count III is a claim for infliction of emotional distress, but Plaintiff does not specify whether he alleges negligent or intentional infliction of emotional distress. Defendants argue Count III, whether negligent or intentional infliction of emotional distress, fails to state a claim upon which relief can be granted, and is preempted by the MWCL. As explained below, the Court finds Count III fails to state a claim upon which relief can be granted, and finds the MWCL precludes the claim.

(i)

To state a claim for negligent infliction of emotional distress, Plaintiff must plead the general elements of negligence: (1) a legal duty of the Defendant to protect the plaintiff from injury, (2) a breach of that duty, (3) proximate cause, and (4) injury. Plaintiff must also plead "that the defendant should have realized that his conduct involved an unreasonable risk of causing distress and that the emotional distress or

3

mental injury must be medically diagnosable and must be sufficient severity so as to be medically significant." *Couzens v. Donohue*, 854 F.3d 508, 518 (8th Cir. 2017) (citing *Thornburg v. Fed. Express Corp.*, 62 S.W.3d 421, 427 (Mo. Ct. App. 2001) (internal citations omitted). To state a claim for intentional infliction of emotional distress, Plaintiff "must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm." *Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 316 (Mo. banc 1993) (citation omitted).

In Count III, Plaintiff alleges "Defendants' acts and omissions...directly caused or contributed to cause the Plaintiff garden variety emotional distress...." Doc. #1, at 12. Plaintiff's Complaint does not allege he had suffered a medically diagnosable mental injury or other mental injury of "sufficient severity so as to be medically significant." Nor does Plaintiff allege "severe emotional distress that results in bodily harm." Plaintiff's "garden variety emotional distress" is not of sufficient severity to state a claim for either negligent or intentional infliction of emotional distress. Because Plaintiff fails to state a claim for either negligent or intentional infliction of emotional distress, the Court grants Defendants' motion to dismiss in this regard, and dismisses Count III.

(ii)

Defendants also argue Count III is preempted by the MWCL. The MWCL bars common-law suits for damages covered by the law. *Giandinoto v. Chemir Analytical Servs., Inc.*, 545 F. Supp. 2d 952, 960 (E.D. Mo. 2007); Mo. Rev. Stat. § 287.120(2) (2017). The MWCL provides a remedy for claims of emotional distress. *See Russell v. United Parcel Serv., Inc.*, 666 F.2d 1188, 1192 (8th Cir. 1981). Where a plaintiff files claims under Title VII or the Missouri Human Rights Act, a claim for infliction of emotional distress, a common-law tort claim, is preempted by the MWCL. *Giandinoto*, 545 F. Supp. 2d at 960; *Hardebeck v. Warner-Jenkinson Co.*, 108 F. Supp. 2d 1062, 1065 (E.D. Mo. 2000) (collecting cases). If emotional distress results from discriminatory treatment or termination, as opposed to emotional distress arising out of the course of employment, the workers' compensation laws do not apply. *See Palermo v. Tension Envelope Co.*, 959 S.W.2d 825, 829 (Mo. Ct. App. 1997).

Plaintiff's Complaint alleges emotional distress as a result of Defendants' breach in their duty to "adequately and properly train" supervisors and human resources representatives regarding "handling of employee requests for FMLA leave and for Workers' Compensation matters."  Doc. #1, at 11.  Plaintiff further alleges Defendants knew or should have known their conduct in handling these matters involved an unreasonable risk of causing Plaintiff emotional distress.  Count III does not allege Plaintiff suffered emotional distress from his unemployment following his termination.  *Cf. Kientzy v. McDonnell Douglas Corp.*, 990 F.2d 1051, 1061 (8th Cir. 1993) (holding workers' compensation laws did not apply to plaintiff's claim for emotional distress arising from her unemployment).  Count III does allege Plaintiff suffered emotional distress as a result of Defendants' failure to supervise and train employees in leave matters while Plaintiff was employed by Defendants.  Because the alleged infliction of emotional distress arose in the course of Plaintiff's employment, this allegation has its remedy in the MWCL, not in a separate common-law claim.  Accordingly, the Court will dismiss Count III for this additional reason.

### (B) Punitive Damages

Defendants move to dismiss claims for punitive damages, arguing Plaintiff failed to plead facts to support the claim under the MWCL.[2]  With the dismissal of Count III explained above, Plaintiff's remaining claim for punitive damages is in Count II, alleging retaliation in violation of the MWCL.

Punitive damages are available in a claim for retaliation in violation of the MWCL.  *See Krasney v. Curators of Univ. of Mo.*, 765 S.W.2d 646, 650 (Mo. Ct. App. 1989).  To state a claim for punitive damages, Plaintiff must allege, either directly or from necessary inference, that Defendants acted willfully, wantonly, or maliciously.  *Wilson v. Image Flooring Co.*, 400 S.W.3d 386, 393 (Mo. Ct. App. 2013).  Here, Plaintiff alleges

---

[2] Defendants also argue the FMLA does not provide for punitive damages.  Count I, alleging FMLA violations, seeks liquidated damages, while Count III seeks punitive damages for Defendants' alleged failure to supervise and train employees regarding FMLA leave and workers' compensation laws.  Liquidated damages are appropriately sought in Count I.  *See* 29 U.S.C. § 2617(a)(a)(A)(iii).  The Court does not address punitive damages sought in Count III because Count III was dismissed.  *See* Section III.(A).

Defendants' issuance of written discipline and later termination of his employment after exercising his rights under the MWCL was "intentional, wanton, and with conscious disregard for Plaintiff's rights...." Doc. #1, at 10-11. Plaintiff alleges Defendants ignored his seniority when employees voted on new shifts, and then disciplined and terminated him after he exercised his rights under the MWCL. At this stage, Plaintiff has sufficiently pled punitive damages. Thus, the Court denies Defendants' motion to dismiss in this regard.

### IV.  CONCLUSION

The Court grants in part and denies in part Defendants' motion to dismiss. The Court dismisses Plaintiff's Count III, and denies Defendants' motion to dismiss Plaintiff's claim for punitive damages in Count II.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE:  August 16, 2017                UNITED STATES DISTRICT COURT